# EXHIBIT B

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1957 (Rev 10/2011)
OMB No. 0651-0050 (Exp 07/31/2017)

# Response to Office Action

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 87070972 |
| **LAW OFFICE ASSIGNED** | LAW OFFICE 119 |
| **MARK SECTION** | |
| **MARK** | https://tmng-al.uspto.gov/resting2/api/img/87070972/large |
| **LITERAL ELEMENT** | EMOJI STYLE |
| **STANDARD CHARACTERS** | YES |
| **USPTO-GENERATED IMAGE** | YES |
| **MARK STATEMENT** | The mark consists of standard characters, without claim to any particular font style, size or color. |
| **ARGUMENT(S)** | |

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
RESPONSE TO OFFICE ACTION


In re:  Trademark Application of:
Mattel, Inc.
333 Continental Boulevard
El Segundo, California 90245-5012
Serial No.:   87/070972
Filing Date:  June 14, 2016
Class:  28
Mark:  **EMOJI STYLE**


Trademark Law Office:  119
Examining Attorney:  Patty Evanko

Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA  22313-1451


Madam:

This is in response to the Office Action mailed September 22, 2016.

**RESPONSE**

The Examining Attorney refused registration under Trademark Act Section 2(e)(1), 15 U.S.C. Section 1052(e)(1), alleging that Applicant's proposed mark merely describes a feature or characteristic of applicant's goods.   Applicant respectfully disagrees with the Examining Attorney's determination and requests that the refusal be withdrawn.

Applicant is of the opinion that contrary to the Examining Attorney's determination, the mark EMOJI STYLE does not immediately conjure an ingredient, quality, characteristic, function, feature, purpose, or use of the intended products, but rather may be suggestive of a type of play pattern. TMEP Section 1209.01(a) states that "suggestive marks are those which require imagination, thought or perception to reach a conclusion as to the nature of the goods or services.  Thus, a suggestive term differs from a descriptive term, which immediately tells something about the goods or services."  It further states "suggestive marks, like fanciful and arbitrary marks, are registrable on the Principal Register without proof of secondary meaning.  Thus, a designation does not have to be devoid of all meaning in relation to the goods and services to be registrable."  *See In re Shutts*, 217 USPQ 363 (TTAB 1983) (SNO-RAKE held not merely descriptive of a snow removal hand tool).  As a result, the mark as a whole is suggestive, rather than merely descriptive of the identified goods, such as the mark FLIGHT TRAVELER which

was registered by the USPTO for luggage. See US Reg. No. 2462488. Even if two terms may be descriptive (which the applicant does not here concede), the question is whether the combination results in a composite mark that is itself descriptive. TMEP Section 1209.01(d). Both FLIGHT and TRAVELER may be descriptive on their own for "luggage", but when combined the resulting composite mark is not descriptive and therefore capable of registration on the Principal Register. See TMEP Section 1209.03(d) for guidelines regarding combined terms.

In addition, Applicant is the owner of the following registrations on the Principal Register that incorporate the STYLE component on similar goods:

| Mark | Reg. No. | Issued |
| --- | --- | --- |
| SPARKLE & STYLE | 4230670 | October 23, 2012 |
| SKATIN' WITH STYLE | 4556728 | November 15, 2012 |
| SUNNY STYLE | 4585623 | August 12, 2014 |
| BARBIE STYLE | 4626002 | October 21, 2014 |
| SHIMMER STYLE | 4664391 | December 30, 2014 |

In view of the above, Applicant respectfully requests the Examining Attorney withdraw the refusal to register made under Trademark Act Section 2(e)(1), 15 U.S.C. Section 1052(e)(1) and to pass this application to publication.

Respectfully submitted,

**ADDITIONAL STATEMENTS SECTION**

| | |
| --- | --- |
| **DISCLAIMER** | No claim is made to the exclusive right to use EMOJI apart from the mark as shown. |

**SIGNATURE SECTION**

| | |
| --- | --- |
| **RESPONSE SIGNATURE** | /mcm/ |
| **SIGNATORY'S NAME** | MICHAEL MOORE |
| **SIGNATORY'S POSITION** | ATTORNEY OF RECORD, CA BAR MEMBER |
| **SIGNATORY'S PHONE NUMBER** | 310-252-6733 |
| **DATE SIGNED** | 03/14/2017 |
| **AUTHORIZED SIGNATORY** | YES |

**FILING INFORMATION SECTION**

| | |
| --- | --- |
| **SUBMIT DATE** | Tue Mar 14 19:52:06 EDT 2017 |
| **TEAS STAMP** | USPTO/ROA-XXX.XX.XX.XXX-2 0170314195206697247-87070 972-5806a4a3644dafd10cfcb 431bd4c0d29356e89ae4a548f 89866cf6bbfc1b949db-N/A-N /A-20170314191004211165 |

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1957 (Rev 10/2011)
OMB No. 0651-0050 (Exp 07/31/2017)

# Response to Office Action

## To the Commissioner for Trademarks:

Application serial no. **87070972** EMOJI STYLE(Standard Characters, see https://tmng-al.uspto.gov/resting2/api/img/87070972/large) has been amended as follows:

**ARGUMENT(S)**
In response to the substantive refusal(s), please note the following:

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
RESPONSE TO OFFICE ACTION


In re: Trademark Application of:
Mattel, Inc.
333 Continental Boulevard
El Segundo, California 90245-5012
Serial No.:   87/070972
Filing Date: June 14, 2016
Class: 28
Mark: **EMOJI STYLE**

Trademark Law Office: 119
Examining Attorney: Patty Evanko

Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA  22313-1451


Madam:

This is in response to the Office Action mailed September 22, 2016.

**RESPONSE**

The Examining Attorney refused registration under Trademark Act Section 2(e)(1), 15 U.S.C. Section 1052(e)(1), alleging that Applicant's proposed mark merely describes a feature or characteristic of applicant's goods.   Applicant respectfully disagrees with the Examining Attorney's determination and requests that the refusal be withdrawn.

Applicant is of the opinion that contrary to the Examining Attorney's determination, the mark EMOJI STYLE does not immediately conjure an ingredient, quality, characteristic, function, feature, purpose, or use of the intended products, but rather may be suggestive of a type of play pattern. TMEP Section 1209.01(a) states that "suggestive marks are those which require imagination, thought or perception to reach a conclusion as to the nature of the goods or services.   Thus, a suggestive term differs from a descriptive term, which immediately tells something about the goods or services."   It further states "suggestive marks, like fanciful and arbitrary marks, are registrable on the Principal Register without proof of secondary meaning.  Thus, a designation does not have to be devoid of all meaning in relation to the goods and services to be registrable."  *See In re Shutts*, 217 USPQ 363 (TTAB 1983) (SNO-RAKE held not merely descriptive of a snow removal hand tool). As a result, the mark as a whole is suggestive, rather than merely descriptive of the identified goods, such as the mark FLIGHT TRAVELER which was registered by the USPTO for luggage. See US Reg. No. 2462488. Even if two terms may be descriptive (which the applicant does not here concede), the question is whether the combination results in a composite mark that is itself descriptive. TMEP Section 1209.01(d). Both FLIGHT and TRAVELER may be descriptive on their own for "luggage", but when combined the resulting composite mark is not descriptive and therefore capable of registration on the Principal Register.  See TMEP Section 1209.03(d) for guidelines regarding combined terms.

In addition, Applicant is the owner of the following registrations on the Principal Register that incorporate the STYLE component on similar goods:

| Mark | Reg. No. | Issued |
| --- | --- | --- |
| SPARKLE & STYLE | 4230670 | October 23, 2012 |
| SKATIN' WITH STYLE | 4556728 | November 15, 2012 |
| SUNNY STYLE | 4585623 | August 12, 2014 |
| BARBIE STYLE | 4626002 | October 21, 2014 |
| SHIMMER STYLE | 4664391 | December 30, 2014 |

In view of the above, Applicant respectfully requests the Examining Attorney withdraw the refusal to register made under Trademark Act Section 2(e)(1), 15 U.S.C. Section 1052(e)(1) and to pass this application to publication.

Respectfully submitted,



**ADDITIONAL STATEMENTS**
**Disclaimer**
No claim is made to the exclusive right to use EMOJI apart from the mark as shown.

**SIGNATURE(S)**
**Response Signature**
Signature: /mcm/     Date: 03/14/2017
Signatory's Name: MICHAEL MOORE
Signatory's Position: ATTORNEY OF RECORD, CA BAR MEMBER

Signatory's Phone Number: 310-252-6733

The signatory has confirmed that he/she is an attorney who is a member in good standing of the bar of the highest court of a U.S. state, which includes the District of Columbia, Puerto Rico, and other federal territories and possessions; and he/she is currently the owner's/holder's attorney or an associate thereof; and to the best of his/her knowledge, if prior to his/her appointment another U.S. attorney or a Canadian attorney/agent not currently associated with his/her company/firm previously represented the owner/holder in this matter: (1) the owner/holder has filed or is concurrently filing a signed revocation of or substitute power of attorney with the USPTO; (2) the USPTO has granted the request of the prior representative to withdraw; (3) the owner/holder has filed a power of attorney appointing him/her in this matter; or (4) the owner's/holder's appointed U.S. attorney or Canadian attorney/agent has filed a power of attorney appointing him/her as an associate attorney in this matter.

Serial Number: 87070972
Internet Transmission Date: Tue Mar 14 19:52:06 EDT 2017
TEAS Stamp: USPTO/ROA-XXX.XX.XX.XXX-2017031419520669
7247-87070972-5806a4a3644dafd10cfcb431bd
4c0d29356e89ae4a548f89866cf6bbfc1b949db-
N/A-N/A-20170314191004211165